Lovey Benjamin **MAMANGKEY**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–73931.

Agency No. A79–191–738.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

---

**4.** *Baldwin*, 124 S.Ct. at 1351.

**5.** Or.Rev.Stat. § 138.550(2).

**6.** *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Noltie v. Peterson*, 9 F.3d 802, 804–05 (9th Cir.1993).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, WWS–District Counsel, Seattle, WA, Terri Jane Scardon, Stacy S. Paddack, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Lovey Benjamin Mamangkey, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the BIA's determination that Mamangkey failed to show that he filed for asylum within one year of entering the United States, *see* 8 U.S.C. §§ 1158(a)(2)(B), (a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001), or that extraordinary circumstances excused the late filing, *see Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002).

■ We review for substantial evidence the BIA's determination that Mamangkey failed to establish eligibility for withholding of removal. *See Hakeem,* 273 F.3d at 816. Mamangkey's admission that he freely practiced Christianity in Indonesia without any problems and his admission that his mother has been employed by a Christian church for over forty years and continues to reside in Indonesia without incident, constitute substantial evidence. *Id.* ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly situated family members continue to live in the country without incident."); *see also Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003) (for this court to reverse denial of withholding of removal, evidence must compel a finding of clear probability of future persecution).

Mamangkey also did not present sufficient evidence to show that "there is a pattern or practice ... of persecution of groups of persons similarly situated" so "that [his] fear of persecution upon return

is reasonable." *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999).

Mamangkey failed to establish eligibility for CAT relief because he did not show that it was more likely than not that he would be tortured if returned to Indonesia. *See* 8 C.F.R. § 208.16(c)(2); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Mamangkey's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.